**Opinion issued November 28, 2023**



In The

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00714-CV**

_____

**IN RE THOMAS WAYNE FLORENCE, Relator**

**Original Proceeding on Petition for Writ of Mandamus**

### MEMORANDUM OPINION

Relator Thomas Wayne Florence has filed a pro se petition for writ of mandamus complaining that the respondent illegally ordered the clerk not to accept relator's filings.[1]

Relator has been adjudicated a vexatious litigant subject to prefiling orders.[2]

*See* *https://www.txcourts.gov/media/1438919/thomas-florence-18296a.pdf*;

---

[1] The underlying case is *Thomas Florence v. Robbie L. Guarnelo*, cause number 16FD3374, pending in the County Court at Law No. 2 of Galveston County, Texas, the Honorable Kerry Neves presiding.

*https://www.txcourts.gov/media/1438912/thomas-florence.pdf*;

*https://www.txcourts.gov/media/1439052/thomas-florence-09_20_17.pdf*.       The

prefiling orders all state that, pursuant to Section 11.101 of the Texas Civil Practice

and Remedies Code, Florence is prohibited from filing new litigation in any Texas

court without obtaining prior permission from a local administrative judge.

Section 11.102 provides that a vexatious litigant subject to a prefiling order

"is prohibited from filing, pro se, new litigation in a court to which the order

applies without seeking the permission of"

> (1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or

> (2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice of constitutional county court.

TEX. CIV. PRAC. & REM. CODE § 11.102(a).

Section 11.103 provides that, subject to the exception in Subsection (d), "a

clerk of a court may not file a litigation, *original proceeding*, appeal, or other claim

presented, pro se, by a vexatious litigant subject to a prefiling order under Section

11.101 unless the litigant obtains an order from the appropriate local administrative

---

[2]     Florence has previously attempted to file the same suit against the same defendant, Robbie L. Guarnelo, in the same trial court. *See Florence v. Guarnelo*, No. 01-17-00690-CV, 2017 WL 5495129 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, no pet.) (mem. op.) (holding that, because Florence failed to obtain and provide this Court with permission from local administrative judge, Florence could not proceed with appeal and appeal was dismissed).

2

judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE § 11.103(a) (emphasis added). The exception in Subsection (d) permits a clerk of a court of appeals to file an appeal from a prefiling order that designates a person a vexatious litigant or a timely-filed writ of mandamus under Section 11.102. TEX. CIV. PRAC. & REM. CODE § 11.103(d). The local administrative judge's decision to deny permission is not grounds for appeal but the litigant may apply for a writ of mandamus not later than the 30th day after the date of the decision. *See* TEX. CIV. PRAC. & REM. CODE § 11.102(f).

Florence is not challenging the trial court's denial of permission to appeal. He is challenging the trial court's order to the clerk not to accept Florence's filings. Moreover, in order to file a mandamus in this Court, Florence must provide proof of permission from the local administrative judge to file this mandamus. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a).

Because Florence has not made the required showing that the local administrative judge permitted this original proceeding, Florence may not proceed with this original proceeding and we must dismiss the petition. *See Florence v. Guarnelo*, No. 01-17-00690-CV, 2017 WL 5495129, at *1 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, no pet.) (mem. op.) (dismissing appeal after failing to provide proof that local administrative judge gave permission for filing of appeal);

*Kastner v. Fulco*, No. 01-13-00100-CV, 2013 WL 6157392, at *1–2 (Tex. App.—

Houston [1st Dist.] Nov. 21, 2013, no pet.) (mem op.) (same).

Accordingly, we dismiss this petition.  Any pending motions are dismissed

as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.